NO. 07-04-0580-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 5, 2006
_____

GEARY BRIAN BROGDEN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 46,270-A; HON. HAL MINER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Geary Brian Brogden, appellant, appeals from an order denying his motion for new trial. He so moved after the trial court adjudicated his guilt for the offense of aggravated assault with a deadly weapon. That adjudication originally had been deferred per a plea bargain. Thereafter, the State moved to adjudicate guilt once appellant violated the terms of his community supervision. His sole issue implicates the effectiveness of his trial

counsel at the adjudication hearing and the voluntariness of his plea of true to the allegations in the State's motion to adjudicate. Because trial counsel was purportedly ineffective, his plea was involuntary. We overrule the issue and affirm the judgment.

According to appellant, his trial counsel should have contacted appellant's wife (who was the victim of the assault) to determine her views regarding his punishment. Allegedly, she would have informed counsel that she favored he receive probation.

To the extent that appellant attempts to invoke the failure to contact a potential witness as grounds for attacking the trial court's decision to adjudicate him guilty, we have no jurisdiction over that matter. This is true even if the claim implicates trial counsel's supposed ineffectiveness. *Hogans v. State,* 176 S.W.3d 829, 832 (Tex. Crim. App. 2005) (involving a claim of ineffective assistance).

To the extent that appellant contends the witness' testimony would have affected his ability to receive probation, all litigants (including appellant) concede that appellant was not eligible for probation. So too did the trial court acknowledge, at the hearing on appellant's motion for new trial, that it could not grant probation once appellant was adjudicated guilty of aggravated assault with a deadly weapon. There appearing of record evidence upon which the trial court could have reasonably determined that appellant was not prejudiced by the supposed ineffectiveness, we cannot say that the court abused its discretion in denying appellant's motion for new trial. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (requiring the complainant to prove both deficient conduct and prejudice resulting from that conduct).

Accordingly, we overrule the issue and affirm the trial court's judgment.


                                        Brian Quinn
                                        Chief Justice


Do not publish.